NOT FOR PUBLICATION

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| PETER JOE RIVERA, | Civil Action No. 03-3689 (FSH) |
| Plaintiff, | |
| | **OPINION & ORDER** |
| v. | |
| RALPH E. MARCOANTONIO, JR. et. al., | July 27, 2006 |
| Defendants. | |

**HOCHBERG, District Judge:**

This matter calls upon the Court to determine whether to grant the Motion to Dismiss brought by Defendant Ralph Marcoantonio Jr. ("Marcoantonio") pursuant to Fed. R. Civ. P. 12(c). The Court has reviewed the parties' written submissions in accordance with Fed. R. Civ. P. 78.

**Factual and Procedural Background**

On October 31, 2001 Plaintiff Peter Joe Rivera ("Rivera") was civilly committed to the Special Treatment Unit ("STU") in Kearney, New Jersey, pursuant to the New Jersey Sexually Violent Predator Act ("SVPA"), N.J.S.A. 30: 4-27.24 et. seq.  The SVPA mandates involuntary civil commitment of persons determined to be sexually violent predators.  At the STU, residents are treated to haircuts.  The haircuts occur after the evening meal, when therapeutic, court, and medical activity are low.  They are performed in the housing units and in small therapy rooms located in the housing units, when the rooms are not being used for therapeutic programming. (Mot. 5.)  At the time period relevant to the Complaint, however, haircuts took place in a room

called the day room ("Day Room"), where residents eat their meals.  (Mot. 5.)  The area of the Day Room where haircuts took place was the farthest from the kitchen and dining area, and close to the laundry.  Rivera alleges that because this practice was "dirty, unhealthful and unsanitary," all the residents were being kept "away from eating the food prepared in the area, from fear of sickness (micro-organism)."  (Pl.'s Complaint 6B.)  Rivera claims that these conditions violated his right to "minimal civilized measures of life's necessities."  (Pl.'s Complaint 5.)

The STU is routinely and randomly inspected by the New Jersey Department of Health and Senior Services.  During these inspections, the health inspectors examine the conditions in every area of the facility, including the food services area and the Day Room.  The STU has consistently received satisfactory ratings from state health inspectors.  No STU resident has ever reported suffering from food poisoning or sickness of any kind associated with the dining conditions.  Plaintiff does not allege that he or any other resident has suffered from illness as a result of the dining arrangements or any other condition at the STU.

Defendant Marcoantonio served as the Assistant Superintendent of the STU in Avanel, New Jersey from November 2000 until his retirement on February 1, 2004.  In this capacity, Marcoantonio assisted in the direction and administration of various institutional programs, including food service, housekeeping, medical care, education, fiscal responsibilities, and social and psychological care at the STU.  Defendant Marcoantonio was on an extended leave of absence from August 2003 until his retirement in February 2004 due to illness.  He died in February 2005.

On August 3, 2003, Rivera filed a pro se complaint against Marcoantonio and other personnel at the STU under 42 U.S.C. § 1983, along with an application to proceed *in forma*

*pauperis* without payment of fees, pursuant to 28 U.S.C. § 1915.  On March 23, 2004, this Court granted Defendants' Motions to Dismiss, finding, among other things, that Rivera had failed to state a claim against Defendant Gonzalez based on the discussion at his therapy sessions.  On November 3, 2005, the Court of Appeals for the Third Circuit affirmed and vacated in part the dismissal of Rivera's Complaint.  The Circuit Court remanded Rivera's claim that Marcoantonio violated his rights by allowing haircuts to take place in the Day Room.  The Circuit Court said this Court erred in dismissing the Complaint as to Defendant Marcoantonio for failure to serve him.

Defendant Marcoantonio has filed an uncontested motion to dismiss Rivera's claims against him.  Marcoantonio argues that he is entitled to qualified immunity because, first, Rivera's claim that haircut locations resulted in unsanitary dining conditions does not adequately state a basis for relief under the United States Constitution.  Second, even if permitting haircuts in the Day Room was a violation of Rivera's constitutional rights, Marcoantonio argues those rights were not clearly established by law to make a reasonable officer in his position recognize the haircut locations as unlawful.  Furthermore, Marcoantonio argues that Rivera cannot seek damages in this case because any suit for damages against Marcoantonio acting in his official capacity is barred by the Eleventh Amendment.

**Legal Standard - Qualified Immunity Defense**

In considering Defendant Marcoantonio's Motion to Dismiss and his defense of qualified immunity this Court must first determine whether Plaintiff's Complaint has stated a claim of a constitutional violation upon which relief may be granted.  *See Saucier v. Katz*, 533 U.S. 194 (2001).  Pursuant to Fed R. Civ. P. 12(b)(6) this Court shall take all of the facts alleged by

Plaintiff to be true and draw all inferences favorable to the plaintiff.  *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  If, given these assumptions, "no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity," and the court will grant the motion to dismiss.  *See Saucier*, 533 U.S. at 201.  On the other hand, "if a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established," i.e. whether it would have been clear to a reasonable official in Defendant Marcoantonio's position that his conduct was unlawful.  *Id*. at 202.

**Analysis**

The issue of qualified immunity should be addressed at the earliest possible stage in litigation,  "so that the costs and expenses of trial are avoided where the defense is dispositive." *See Saucier*, 533 U.S. at 200.  The qualified immunity analysis requires the Court to determine first whether a constitutional right would have been violated on the facts alleged and second, assuming the violation is established, whether the right was clearly established.  This Court does not find a constitutional violation on the facts alleged.

Rivera alleges that Marcoantonio deprived him of "minimal civilized measures of life's necessities."  The Eighth Amendment guarantees protection from such deprivation for persons who are incarcerated for criminal convictions.  *Munoz v. Kolender*, 208 F. Supp. 2d 1125, 1145 (S.D. Cal. 2002).  However, Rivera is not housed in a criminal prison but rather is civilly confined.  Therefore, his claims fall under the substantive due process clause of the Fourteenth Amendment.  *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Munoz*, 208 F. Supp. 2d at 1146.

To make a Fourteenth Amendment substantive due process claim based on confinement

conditions, a plaintiff must put forth facts to satisfy both an objective inquiry and a subjective inquiry.  *Munoz*, 208 F. Supp. 2d at 1146 (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).  The objective inquiry requires the claimant to prove that he was deprived of the "minimal civilized measures of life's necessities."  *Munoz*, 208 F. Supp 2d at 1146 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).  The objective prong will not be met so long as the claimant is given "food, clothing, shelter, sanitation, medical care, and personal safety."  *Munoz*, 208 F. Supp 2d at 1146 (quoting *Hoptowit v. Ray*, 682 F. 2d 1237, 1246 (9th Cir. 1982)).

     Rivera does not allege that he was deprived of food, clothing, shelter, medical care, or personal safety.  He alleges only that he was deprived of sanitation because haircuts occurred in a room that was also used for food service.  However, the STU administration took measures to assure that this operation did not interfere with the sanitation of the residents' food.  They served food at the farthest possible distance from the haircuts.  The administration also did not allow food to be taken out of the space reserved for dining.  There is no record of a patient ever falling ill from food.  In fact, the STU received satisfactory ratings on every random inspection administered there.

     Rivera's claim also fails to satisfy the subjective requirement of the Fourteenth Amendment substantive due process inquiry.  In order to establish the subjective component a claimant must prove "actionable deprivation, as to which the defendant purportedly acted with 'deliberate indifference.'"  *Wilson v. Seiter*, 501 U.S. 294, 303 (1991).  Deliberate indifference is proven by showing that the official "knows of and disregards an excessive risk to health and safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Farmer v. Brennan*,

511 U.S. 825, 837 (1994)).  Allegations of negligence are not enough to establish the subjective component.  *Wilson*, 501 U.S. at 305.

Rivera has not alleged that Marcoantonio disregarded any significant risk to health and safety.  Marcoantonio could not have been aware that the haircuts were creating unsanitary conditions because the facility always received satisfactory inspection ratings, none of the residents ever became sick from the food, and Rivera himself never reported any bad reaction to the food.  Therefore, since Marcoantonio could not have known that unsanitary conditions were being created from the haircuts, he could not have acted with "deliberate indifference."  In fact, even if Marcoantonio had indeed acted with negligence or inadvertence, such behavior would not meet the threshold for imposition of liability on a government official.  *See Davidson v. Cannon*, 474 U.S. 344 (1986) (affirming dismissal of prisoner's U.S.C. §1983 claim because negligent lack of due care by prison officials was not a violation of Fourteenth Amendment rights to due process); *Daniels v. Williams*, 474 U.S. 327 (1986) (holding that a prison official's lack of due care is not a Fourteenth Amendment due process violation); *see also Estate of Davis v. Johnson*, 745 F. 2d 1066, 1071 (7th Cir.1984) (finding no Eighth Amendment violation where official did not act with callous indifference in actions leading to appellee's father's death in a holding cell). Thus, Rivera and other residents do not have a Constitutional claim based on dining conditions.[1]

---

[1] However, even if the facts alleged a violation of a constitutional right, Marcoantonio would still be entitled to qualified immunity because such a right is not clearly established by law.  When there is no "clearly established" Constitutional right that would have made "clear to a reasonable officer [in the defendant's place] that his conduct was unlawful in the situation he confronted," the defendant is entitled to qualified immunity.  *See Saucier*, 533 U.S. at 201.  "If the law at that time was not clearly established, an official could not. . . fairly be said to 'know' that the law forbade conduct not previously identified as unlawful."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (U.S. 1982).  To prove a right is clearly established, the claimant must show the court that there were "cases of controlling authority in their jurisdiction at the time of the incident

**Conclusion**

Plaintiff has failed to state a claim that Defendant Marcoantonio violated his constitutional rights under the Eighth Amendment or under the Fourteenth Amendment to the United States Constitution.

**WHEREFORE** it is on this 27th day of July, 2006,

**ORDERED** that Defendant Marcoantonio's Motion to Dismiss Plaintiff's claims against him is **GRANTED.**

/s/ Faith S. Hochberg
Hon. Faith S. Hochberg, U.S.D.J.

---

which clearly established the rule on which they [sought] to rely." *Wilson v. Layne*, 526 U.S. 603, 615 (1999).  The burden of establishing that a right was clearly established is undermined by an "absence of binding precedent in this circuit, . . . the doubts expressed by the most analogous appellate holding, together with conflict among a handful of district court opinions." *Doe v. Delie*, 257 F.3d 309, 321 (3d Cir. 2001).

This Court has not found any case, nor has any case been brought to its attention, which establishes that haircuts given in close proximity to food service violate the Constitution.  In fact, other Courts of Appeals have found more egregious violations insufficient to constitute cruel and unusual punishment under the Eighth Amendment.  *See e.g. Shannon v. Graves*, 257 F. 3d 1164 (10th Cir. 2001) (finding no Constitutional violation where prisoner was negligently provided with same bedding used to mop up sewage); *McLaughlin v. Farries*, 122 Fed. Appx. 692 (5th Cir. 2004) (finding no Constitutional violation for negligently failing to repair a leaky air-conditioner which caused plaintiff inmate's slip-and-fall); *see also Jones v. Stine*, 843 F. Supp. 1186, 1191 (W.D. Mich. 1994) (holding that grant of only a sponge to clean prison cell does not violate Eighth Amendment because "the Constitution does not mandate comfortable prisons"). Therefore, there is no "clearly established" Constitutional right that would have made "clear to a reasonable officer [in Marcoantonio's place] that his conduct was unlawful in the situation he confronted."  *See Saucier*, 533 U.S. at 201.  Marcoantonio would thus be entitled to qualified immunity even if the facts alleged amounted to a Constitutional violation.