UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PETER JOE RIVERA          :
                          :
         Plaintiff        :
                          :
    v.                    :     Civil Action No. 03-3689(FSH)
                          :
                          :     REPORT AND RECOMMENDATION
RALPH E. MARCOANTONIO, JR., et al  :
                          :
         Defendant        :

      This matter having come before the Court by way of Order, dated January 3, 2007, precluding the parties from introducing evidence at trial because all parties failed to submit their final pretrial submissions and directing the plaintiff to show cause, no later than January 22, 2007, why his Complaint should not be dismissed;

      and the plaintiff having failed to respond to the January 3, 2007 Order;

      and the defendants having requested reconsideration of the portion of the Order that precludes them from introducing evidence because they assert that they needed the plaintiff's written narrative so they could "review plaintiff's proposed 'evidence' to be presented at trial" and, in the absence of his submission, they do not have an opportunity to prepare a defense;

      and the Court advising the defendants that their written narrative statement is not meant to be a responsive document, but rather is intended to set forth its proof and the absence of plaintiff's narrative statement does not deprive them of an opportunity to prepare their defense since they know the claims and defenses, have conducted discovery, filed motions and know the evidence they would introduce to refute the claims and pursue their defenses;

      and the Court therefore directing the defendants to submit their written narrative statement if the United States District Judge does not adopt the recommendation set forth herein

that Her Honor dismiss the Complaint pursuant to Fed. R. Civ. P. 16 and 37;

and the Undersigned finding that the plaintiff has been on notice of his obligation to submit his written narrative statement and the consequences for failing to do so, see, e.g. Order, dated November 16, 2006, at ¶¶ 5, 7, and 11 (setting December 4, 2006 as the deadline for plaintiff to submit his written narrative statement and providing notice that failure to do so will result in the exclusion of evidence and that failure to comply with the Order may result in sanctions); Order, dated December 7, 2006 at 1 and ¶¶ 5, 7 and 11 (noting that the plaintiff had not submitted his written narrative statement and extending the date for both parties to submit their statements until December 22, 2006 and December 29, 2006, respectively, and again providing notice that failure to do so will result in the exclusion of evidence and failure to comply with the Order may result in sanctions);

and the plaintiff having failed to submit his written narrative statement and failed to respond to the Order directing him to show cause in writing why his complaint should not be dismissed, Order, dated January 3, 2007;

and the January 3, 2007 Order specifically notifying the plaintiff that failure to respond to the Order "will result in a a recommendation that the United States District Judge dismiss the Complaint;"

and for the reasons set forth herein;[1]

---

[1] The Court has considered the factors set forth in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984) and has determined that the sanction of dismissal is appropriate. L.L. v. Vineland Bd. of Ed., No. 05-3801, 2006 WL 1113528, *1-2 (3d Cir. 2006); Corron v. Kent General Hosp., 156 Fed. Appx. 498, 499 (3d Cir. 2005). The Poulis factors are: (1) the extent of the party's personal responsibility, (2) prejudice to the adversary, (3) a history of dilatoriness, (4) whether the attorney's conduct was willful or in bad faith, (5) alternative sanctions, and (6) the meritoriousness of the claim or defense. Id. at 868. While not all of these factors are applicable in this case, consideration of those which do apply provide a framework for determining whether or not dismissal is appropriate.

IT IS ON THIS 29th day of January, 2007

RECOMMENDED that the United States District Judge dismiss the Complaint pursuant to Fed. R. Civ. P. 16 and 37; and

IT IS FURTHER ORDERED that if the United States District Judge does not adopt this recommendation, then the defendants shall submit their written narrative statement, witness list and exhibit list no later than 10 calendar days after the date of the Order declining to adopt the recommendation.  If the defendants timely submit these items, the January 3, 2007 Order precluding them from introducing evidence will be vacated.

        s/Patty Shwartz
        UNITED STATES MAGISTRATE JUDGE

---

The record reflects that noncompliance with the Orders have been the fault of the plaintiff himself.  He has received the orders but has failed to respond to them.   He apparently has been aware of activity in this case, as reflected by his December 20, 2006 response to the motion for summary judgment.  He therefore has knowingly failed to comply with the Orders of this Court.  He has been given extensions of time to comply with the requirement that he produce his written narrative statement and other trial materials and has been warned of the consequence of noncompliance.  He has also been given an opportunity to explain why his case should not be dismissed because of his noncompliance, but has failed to do so.  His inaction has caused the defendants to expend unnecessary resources and hence they have been prejudiced.  Based upon the plaintiff's personal and knowing noncompliance, the Court concludes that dismissal is the only sanction that is appropriate.