NOT FOR PUBLICATION                                                          CLOSED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PETER JOE RIVERA, | Civil Action No. 03-3689 (FSH) |
| Plaintiff, | |
| | **OPINION & ORDER** |
| v. | |
| RALPH E. MARCOANTONIO, JR. et. al., | April 19, 2007 |
| Defendants. | |

**HOCHBERG, District Judge:**

This matter coming before this Court upon Magistrate Judge Shwartz's January 29, 2007 Report and Recommendation that this Court dismiss this case pursuant to Fed. R. Civ. Pro. 16 and 37; and

it appearing that Plaintiff Peter Joe Rivera filed his Complaint on August 3, 2003 raising a federal claim against Senior Corrections Officer Darryl Williams under 42 U.S.C. §1983, alleging that Defendant Williams retaliated against him as a result of Plaintiff's complaints about environmental tobacco smoke ("ETS") at the Special Treatment Unit ("STU") in Kearny, New Jersey;[1] and

---

[1] On October 31, 2001 Plaintiff was civilly committed to the Special Treatment Unit ("STU") in Kearney, New Jersey, pursuant to the New Jersey Sexually Violent Predator Act ("SVPA"), N.J.S.A. 30: 4-27.24 et. seq. The SVPA mandates involuntary civil commitment of persons determined to be sexually violent predators. In addition to the claims against Defendant Williams, Plaintiff's August 3, 2003 Complaint brought §1983 claims against State Defendants Ronald Gonzalez and Ralph Marcoantonio, Jr. alleging that (1) his constitutional rights were violated when he was exposed to ETS and (2) that he was wrongfully required to discuss his sexual crimes in group therapy as a part of his treatment. The Complaint also alleges that now-

it appearing that Magistrate Judge Shwartz's November 16, 2006 Order ordered Plaintiff to submit his written narrative statement pursuant to Fed. R. Civ. P. 16(d) by December 4, 2006 and provided notice that failure to do so would result in the exclusion of evidence and that failure to comply with the Order may result in sanctions, *see* November 16, 2006 Order at ¶¶ 5, 7, and 11; and

it appearing that Plaintiff did not submit his written narrative statement by December 4, 2006 nor provide any submission to the Court explaining why he did not submit the required written narrative statement; and

it appearing that Magistrate Judge Shwartz's December 7, 2006 Order ordered that the Court would extend until December 22, 2006 "the date for the parties to submit the materials described in Paragraphs 5 and 6 [a written narrative statement of the facts, an exhibit list, and a witness list] **and the parties [are]...advised that a failure to submit such materials will result in the preclusion of evidence**" (emphasis in original);[2] and

---

deceased Defendant Marcoantonio, in his official capacity as the former Assistant Superintendent of the Special Treatment Unit, refused to enforce the Clean Air Act and also violated Plaintiff's civil rights by denying him humane conditions of confinement concerning resident haircuts. On March 23, 2004, this Court granted Defendants' Motions to Dismiss on all claims. On November 3, 2005, the Court of Appeals for the Third Circuit affirmed and vacated in part the dismissal of Plaintiff's Complaint, ordering this Court to consider Plaintiff's retaliation claim against Defendant Williams, Plaintiff's claim that Defendant Gonzalez violated Plaintiff's constitutional rights by opening and rejecting his mail, and Plaintiff's claim against Defendant Marcoantonio. On March 7, 2006, this Court granted Defendant Gonzalez's Motion to Dismiss Plaintiff's Complaint for failure to state a claim. On July 27, 2006, the Court granted Defendant Marcoantonio's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). The only remaining claims in this case are the §1983 retaliation claims against Defendant Williams.

[2] Paragraph Five of Magistrate Judge Shwartz's December 7, 2006 Order states that "On or before December 22, 2006, plaintiff shall submit a narrative written statement of the facts that will be offered by oral or documentary evidence at trial, a list of all exhibits to be offered into evidence at trial, and a list of the names and addresses of all witnesses plaintiff intends to call at

it appearing that Plaintiff did not submit the required written narrative statement, a list of Plaintiff's witnesses, and a summary of the witnesses' anticipated testimony by the December 22, 2006 deadline and did not submit any submission to the Court explaining why he did not submit these required documents nor asking for an extension; and

it appearing that Magistrate Judge Shwartz's January 3, 2007 Order to Show Cause held that "the parties are precluded from introducing evidence at trial," pursuant to Magistrate Judge Shwartz's December 8, 2006 Order, and ordered Plaintiff to show cause in writing no later than January 22, 2007 "why his complaint should not be dismissed in light of his failure to submit the final pretrial submission described in Paragraph 5 and in light of the fact he is precluded from introducing evidence at trial" and that "failure to respond to this Order to Show Cause will result in a recommendation that the United States District Judge dismiss the Complaint;" and

it appearing that Plaintiff never responded to Magistrate Judge Shwartz's January 3, 2007 Order to Show Cause nor provided any submission to the Court explaining why he did not respond;[3] and

---

trial, together with a summary of their anticipated testimony."
    Paragraph Six of Magistrate Judge Shwartz's December 7, 2006 Order states that "On or before December 28, 2006, each other party shall submit to the undersigned an original and one copy of a narrative written statement of the facts that will be offered by oral or documentary evidence at trial, a list of all exhibits to be offered into evidence at trial, and a list of the names and addresses of all witnesses it intends to call at trial, together with a summary of their expected testimony."

    [3] Defendant Williams requested reconsideration of the portion of Magistrate Judge Shwartz's January 3, 2007 Order to Show Cause that precluded him from introducing evidence at trial because he asserts that he needed the Plaintiff's written narrative to "review Plaintiff's proposed 'evidence' to be presented at trial" and that without Plaintiff's submission, he did not have an opportunity to prepare a defense. Magistrate Judge Shwartz's January 29, 2007 Report and Recommendation stated that she had informed Defendant that the "written narrative statement is not meant to be a responsive document, but rather is intended to set forth its proof

it appearing that Magistrate Judge Shwartz's January 29, 2007 Report and Recommendation recommends that this Court dismiss the Complaint pursuant to Fed. R. Civ. P. 16 and 37 because Plaintiff failed to submit the required pre-trial submissions and failed to respond to Magistrate Judge Shwartz's January 3, 2007 Order to Show Cause;[4] and

---

and the absence of plaintiff's narrative statement does not deprive them of an opportunity to prepare their defense since they know the claims and defenses, have conducted discovery, filed motions and know the evidence they would introduce to refute the claims and pursue their defenses." The Report and Recommendation ordered that "if the United States District Judge does not adopt this recommendation [to dismiss Plaintiff's Complaint], then the defendants shall submit their written narrative statement, witness list and exhibit list no later than 10 calendar days after the date of the Order declining to adopt the recommendation. If the defendants timely submit these items, the January 3, 2007 Order precluding them from introducing evidence will be vacated."

[4] The January 29, 2007 Report and Recommendation states that "the plaintiff has been on notice of his obligation to submit his written narrative statement and the consequences for failing to do so, *see, e.g.* Order, dated November 16, 2006, at ¶¶ 5, 7, and 11 (setting December 4, 2006 as the deadline for plaintiff to submit his written narrative statement and providing notice that failure to do so will result in the exclusion of evidence and that failure to comply with the Order may result in sanctions); Order, dated December 7, 2006 at 1 and ¶¶ 5, 7 and 11 (noting that the plaintiff had not submitted his written narrative statement and extending the date for both parties to submit their statements until December 22, 2006 and December 29, 2006, respectively, and again providing notice that failure to do so will result in the exclusion of evidence and failure to comply with the Order may result in sanctions)." The January 29, 2007 Report and Recommendation also states that:

"The Court has considered the factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984) and has determined that the sanction of dismissal is appropriate. *L.L. v. Vineland Bd. of Ed.*, No. 05-3801, 2006 WL 1113528, *1-2 (3d Cir. 2006); *Corron v. Kent General Hosp.*, 156 Fed. Appx. 498, 499 (3d Cir. 2005). The *Poulis* factors are: (1) the extent of the party's personal responsibility, (2) prejudice to the adversary, (3) a history of dilatoriness, (4) whether the attorney's conduct was willful or in bad faith, (5) alternative sanctions, and (6) the meritoriousness of the claim or defense. *Id.* at 868. While not all of these factors are applicable in this case, consideration of those which do apply provide a framework for determining whether or not dismissal is appropriate.

The record reflects that noncompliance with the Orders have been the fault of the plaintiff himself. He has received the orders but has failed to respond to them. He apparently has been aware of activity in this case, as reflected by his December 20, 2006 response to the motion for summary judgment. He therefore has knowingly failed to comply with the Orders of this Court. He has been given extensions of time to comply with the requirement that he produce his written

it appearing that Plaintiff has not filed an objection to the January 29, 2007 Report and Recommendation and that ten days have passed, *see* L. Civ. R. 72.1(c)(2); and

this Court having reviewed *de novo* the Report and Recommendation, and the Court finding good cause to dismiss Plaintiff's Complaint under Rule 16, Rule 37, and the factors listed in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984) because of Plaintiff's non-compliance with numerous Court Orders, as set forth by Magistrate Judge Shwartz in her January 29, 2007 Report and Recommendation;

**IT IS** on this 19th day of April, 2007

**ORDERED** that Magistrate Judge Shwartz's January 29, 2007 Report and Recommendation is **ADOPTED** as the Opinion of this Court; and it is

**ORDERED** that Plaintiff's Complaint is **DISMISSED** pursuant to Fed. R. Civ. P. 16 and 37; and it is

**ORDERED** that Defendant Darryl Williams' December 12, 2006 Motion for Summary Judgment is administratively terminated as moot; and it is

**ORDERED** that this case is **CLOSED**.

/s/ Faith S. Hochberg
Hon. Faith S. Hochberg, U.S.D.J.

---

narrative statement and other trial materials and has been warned of the consequence of noncompliance. He has also been given an opportunity to explain why his case should not be dismissed because of his noncompliance, but has failed to do so. His inaction has caused the defendants to expend unnecessary resources and hence they have been prejudiced. Based upon the plaintiff's personal and knowing noncompliance, the Court concludes that dismissal is the only sanction that is appropriate." *See* January 29, 2007 Report and Recommendation at 2-3.